**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **REGINA WITOWSKI,**<br><br>        **Plaintiff,**<br><br>    v.<br><br>**COMMISSIONER OF SOCIAL SECURITY,**<br><br>        **Defendant.** | Civ. No. 2:12-cv-01866 (WJM)<br><br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Regina M. Witowski brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a final determination by the Commissioner of Social Security (the "Commissioner") denying in part her application for Supplemental Security Income ("SSI") Benefits.  For the reasons that follow, the Commissioner's decision is **AFFIRMED**.

I.      LEGAL STANDARDS

A.  The Five-Step Sequential Analysis

Under the authority of the Social Security Act, the Social Security Administration has established a five-step evaluation process for determining whether a claimant is entitled to benefits.  20 C.F.R. §§ 404.1520, 416.920.  In the first step, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the onset date of the alleged disability.  *Id.* §§ 404.1520(b), 416.920(b).  If not, the Commissioner moves to step two to determine if the claimant's alleged impairment, or combination of impairments, is "severe."  *Id.* §§ 404.1520(c), 416.920(c).  If the claimant has a severe impairment, the Commissioner inquires in step three as to whether the impairment meets or equals the criteria of any impairment found in the Listing of Impairments.  20 C.F.R. Part 404, Subpart P, Appendix 1, Part A.  If so, the claimant is automatically eligible to receive benefits (and the analysis ends); if not, the Commissioner moves on to step four.  *Id.* §§ 404.1520(d), 416.920(d).  In the fourth step, the Commissioner decides whether, despite any severe impairment, the claimant retains the residual functional capacity (or "RFC") to perform past relevant work.  *Id.* §§ 404.1520(e)-(f), 416.920(e)-(f).  The claimant bears the burden of proof at each of these first four steps. At step five, the burden shifts to the Social Security Administration to

demonstrate that the claimant is capable of performing other jobs that exist in significant numbers in the national economy in light of the claimant's age, education, work experience and RFC.  20 C.F.R. §§ 404.1520(g), 416.920(g); *see Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91-92 (3d Cir. 2007) (citations omitted).

### B.  Standard of Review

For the purpose of this appeal, the court conducts a plenary review of the legal issues.  *See Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). The factual findings of the Administrative Law Judge ("ALJ") are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings."  *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000).  Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla."  *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  When substantial evidence exists to support the ALJ's factual findings, this Court must abide by the ALJ's determinations.  *See id.* (citing 42 U.S.C. § 405(g)).

## II.     BACKGROUND

Plaintiff filed an application for SSI benefits on January 18, 2005.  The application alleged that Plaintiff suffered from medical impairments, including HIV, Hepatitis C, asthma, osteoporosis, and a psychiatric condition.  Plaintiff alleges that these medical impairments caused her to have symptoms such as fatigue, diarrhea, and concentration problems.

Plaintiff's claim was denied on November 27, 2007, and that denial was affirmed by the Appeals Council on February 6, 2009.  The claim was appealed to District Court. On June 3, 2010, the Honorable Dennis M. Cavanaugh, U.S.D.J. remanded the matter to the Commissioner, finding that the testimony of a vocational expert was required.  On March 25, 2011, ALJ Richard West issued a partially favorable decision, finding that Plaintiff became disabled on February 12, 2009 (Plaintiff's 55th birthday).  The ALJ determined that Plaintiff had the residual functional capacity to perform light work.[1]  The ALJ found that, between January 18, 2005 and February 11, 2009, there were a significant number of jobs in the national economy that Plaintiff could perform.  On February 12, 2009, Plaintiff became an individual of advanced age, and the ALJ determined that there were no jobs in significant numbers that Plaintiff could perform as

---

[1] Light work involves lifting no more than 20 pounds at a time, with frequent lifting or carrying of objects weighing up to 10 pounds.  20 C.F.R. § 416.967(b).  It requires a good deal of walking or standing, on and off, for a total of approximately six hours in an eight-hour workday, with sitting occurring intermittently at the time.  *Id.*  Or, light work may involve sitting most of the time with some pushing and pulling of arm or leg controls.  *Id.*  The ability to perform light work also encompasses an ability to perform sedentary work.  *Id.*

of that date.  Accordingly, the ALJ awarded Plaintiff benefits as of February 12, 2009.
The Appeals Council affirmed that decision on February 23, 2012.  Plaintiff now appeals.

## III.    DISCUSSION

Plaintiff challenges the ALJ's determination that she was "not disabled" from
January 18, 2005 through February 11, 2009.  Plaintiff argues that the ALJ committed the
following errors: (1) the ALJ incorrectly determined that Plaintiff had the residual
functional capacity to perform light work; and (2) the hypothetical question posed to the
vocational expert at the hearing failed to adequately incorporate Plaintiff's limitations.
Each of these challenges will be addressed in turn.

### A.  Step Four:  Whether the ALJ's RFC Determination is Supported by Substantial Evidence

Plaintiff contends that the ALJ committed an error when he determined that
Plaintiff had the residual functional capacity to perform light work between January 18,
2005 and February 11, 2009.  The Court disagrees.

The ALJ's RFC determination is supported by substantial evidence.  During the
January 18, 2005 to February 11, 2009 timeframe, Plaintiff was evaluated by Dr.
Alexander Hoffman, a physician with the New Jersey Department of Labor, Division of
Disability Determinations, and by Dr. J. Rabelo, a State agency medical consultant.  R.
152-71.  Dr. Hoffman conducted a thorough examination and found that Plaintiff was
able to walk normally; she had good upper body strength with a normal grip; she had a
full range of motion at the wrist, elbow, and shoulder; her neck, heart, chest, and lower
extremities were all functioning normally; and she had normal pulses and reflexes.  R.
152-54.  Dr. Rabelo also conducted an examination and concluded that Plaintiff could
carry 50 pounds occasionally and 25 pounds frequently; she could stand or walk for about
six hours in an eight-hour day; she could sit for about six hours in an eight-hour day; and
she had no limitations in vision, movement, or communication.  R. 165-68.  In addition,
Plaintiff testified that she engaged in daily activities that were relatively active:  Plaintiff
cleaned her home, washed laundry, went shopping, and helped care for her grandchildren.
R. 152, 220, 225, 228.  All of this evidence is consistent with the ability to perform light
work.

Plaintiff's argument that she was unable to perform light work is not supported by
the evidence.  In her brief, Plaintiff argues that she could not perform light work because
she suffered from chronic fatigue and diarrhea.  However, Plaintiff told Dr. Hoffman that
she had only "*occasional* fatigue" and "*occasional* diarrhea."  R. 152 (emphasis added).
And the ALJ determined that Plaintiff's testimony about the intensity of her symptoms
was not entirely credible.  R. 247-48; *see also Craigie v. Bowen*, 835 F.2d 56, 58 (3d Cir.
1987) (ALJ does not have to accept a claimant's description of symptoms as objective
medical evidence).  Plaintiff also argues that she could not perform light work because

she had severe anxiety-related concentration problems, but Plaintiff does not point to any evidence supporting this assertion.  The clinic that treated Plaintiff for more than 10 years reported that Plaintiff had poor impulse control, but found that Plaintiff was alert, fully oriented, and had no memory problems.  R. 174-75, 246.  There was no mention of a debilitating mental or emotional impairment.  *Id.*

In light of the overwhelming evidence that Plaintiff could perform light work, the Court finds that the ALJ's RFC determination was not an error.

### B.  Step Five:  Adequacy of the Hypothetical Posed to the Vocational Expert

Plaintiff contends that the ALJ's Step Five determination is not supported by substantial evidence because the hypothetical question posed to the vocational expert failed to adequately incorporate Plaintiff's limitations.  The Court disagrees.

A hypothetical question posed to a vocational expert "must accurately convey to the vocational expert all of a claimant's credibly established limitations."  *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005).  In this case, the ALJ asked the vocational expert to consider an individual limited to light work, who could "understand, remember, and carry out only simple instructions" due to concentration deficits, who would be off task for 15 minutes a day due to unscheduled breaks, and who would have only occasional interaction with the general public and co-workers.  R. 329.  Plaintiff argues that this question did not adequately incorporate two of her limitations.

First, Plaintiff argues that the question did not adequately incorporate her chronic diarrhea.  Specifically, Plaintiff argues that 15 minutes a day in unscheduled breaks would not be enough to accommodate frequent trips to the bathroom.  The Court finds this argument unpersuasive.  As discussed above, the ALJ properly found that Plaintiff had occasional, not chronic, diarrhea.  R. 152, 247.  In addition, the vocational expert testified that, with unskilled light work, workers are given scheduled breaks throughout the day.  R. 330-34.  The vocational expert further testified that individuals are expected to be productive for only 50 minutes out of every hour, and during the other ten minutes (the "blow down" period), they "can get up, use the restroom . . . get a drink of water [or] walk around."  R. 331.  If Plaintiff had regularly scheduled breaks, 15 minutes a day of additional unscheduled breaks, and the freedom to use the restroom during blow down periods, that should have been more than sufficient to accommodate her occasional diarrhea.

Second, Plaintiff argues that the question did not adequately incorporate her concentration problems.  Specifically, Plaintiff argues that the ability to "carry out only simple instructions" (R. 329) does not adequately capture her severe "anxiety related concentration deficits" (Pl.'s Br. at 22).  However, as discussed above, the ALJ properly found that Plaintiff had only "mild difficulties in maintain concentration, persistence,

[and] pace." R. 246. The Third Circuit has repeatedly found similar hypothetical questions about jobs with simple instructions to be adequate to encompass moderate concentration problems. *See Najmi-Nejad v. Barnhart*, 75 Fed. App'x 60, 64 (3d Cir. 2003) (question about "simple routine work" encompassed difficulties in "concentration, persistence, or pace"); *see also McDonald v. Astrue*, 293 Fed. App'x 941, 946 (3d Cir. 2008) (same).

Accordingly, the hypothetical question posed to the vocational expert adequately reflected Plaintiff's impairments. As such, the vocational expert's testimony constituted substantial evidence supporting a finding of no disability prior to February 11, 2009.

## IV.   CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED**. An appropriate order follows.

_____/s/ William J. Martini_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 8, 2013**